### In re Elmer L. BROWN.

Court of Appeals of Kentucky.

May 20, 1955.

Elmer L. Brown, pro se.

PER CURIAM.

H. B. McPherson, executive vice president of the First State Bank of Greenville, Ky., and Sam T. Jarvis, attorney for the bank, filed a complaint against respondent, Elmer L. Brown, a member of the Owensboro Bar, with the Bar Commissioners of the Kentucky State Bar Association. It charged Mr. Brown with unprofessional

conduct in that he wrote the bank a letter saying he had filed suit for Lena Frances Dennison to settle an estate in which she was interested and was expecting to receive $600, out of which she would pay the bank a loan of $200 it had made her; that the bank relying upon this letter made Miss Dennison an additional loan of $200; that the bank subsequently learned Mr. Brown had never filed suit for Miss Dennison, and she never paid the loan.

Mr. Brown's defense was that when he wrote this letter he intended to say he *Proposed* to file the suit instead of saying he *Had Filed* it, and that he had no intention of making a false statement to the bank or misleading it in extending additional credit to Miss Dennison. He further pleaded Miss Dennison changed her mind and did not have him file the suit.

On a hearing the Trial Committee found Brown guilty of unprofessional conduct and recommended that he be reprimanded, which the Board followed and so recommended to this court. We issued a rule against Mr. Brown to show cause, if any he could, within twenty days why the recommendation of the Board should not be enforced.

In response to the rule Mr. Brown argues that he was not interested in Miss Dennison obtaining an additional loan from the bank and only wrote the letter in an effort to aid the bank in letting it know what prospects Miss Dennison had of paying the money she owed the bank. He insists he should not be held liable for inadvertently saying in his letter to the bank that he had filed the suit for Miss Dennison when he intended to say he proposed to file suit for her.

This letter was written by Mr. Brown to the bank on February 20, 1953. On March 5 and again on the following November 9, Mr. McPherson wrote Mr. Brown inquiring as to the status of the case and received no reply to either letter. Mr. McPherson also called Mr. Brown from time to time by telephone and on each occasion was informed by him "that the matter would be settled shortly." Also, when Mr. Jarvis called Mr. Brown by telephone asking the progress of the suit, Brown told him the matter would be concluded within the next ten days or so and the bank would be paid.

We conclude the evidence is ample to support the finding of the Trial Committee that Mr. Brown made a false representation to the bank in writing he had filed suit for Miss Dennison and such representation was relied upon by the bank in extending her further credit. An attorney's wilfull making of a false statement, even though not affecting a court or his client, but the interest of a third person relying thereon, constitutes grounds for a disciplinary proceeding against him. In re Skinner, 171 Minn. 437, 214 N.W. 652. Also, see annotations 55 A.L.R. 1374.

We are not impressed with Mr. Brown's argument that his case can be distinguished from the Skinner case. He insists the bank here was experienced in making loans and in evaluating security given thereon and should not have put much reliance in what Miss Dennison could recover in the settlement suit; while in the Skinner case the person relying upon the false statement of the attorney was inexperienced in land titles and relied fully on the false statement of the attorney. Anybody and everybody should be able to rely upon the word of an attorney, and the members of the legal profession should never forget their word carries weight and is regarded by the world as coming from a reliable source.

From the record before us we are unable to say that it was a mere inadvertence when Mr. Brown wrote the letter saying he had brought suit and that he intended to say he had proposed to bring suit. Had this statement been a mere inadvertence, he had several chances to correct his mistake, yet he never availed himself thereof.

It is therefore adjudged the rule be made absolute and the report of the Board be confirmed and respondent is hereby reprimanded.