**In re Foster S. STONE.**

Court of Appeals of Kentucky.

March 11, 1960.

Rehearing Denied May 13, 1960.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for complainant.

Henry B. Sadlo, Louisville, for respondent.

PER CURIAM.

The Board of Bar Commissioners recommended to this Court that respondent, Foster S. Stone, be suspended from the practice of law for a period of two years. The recommendation was based

upon a finding of the Board that respondent was guilty of a breach of trust of such a serious nature as to show he is not a person who can be trusted to advise and act for clients.

This Court issued an opinion adopting the recommendation of the Board, but upon a petition of the respondent asserting newly discovered evidence the opinion was withdrawn and the case was remanded to the Board for a further hearing. Two trial commissioners (not the same as those who conducted the original hearing) heard the testimony of the respondent's newly discovered witness, and also heard evidence which contradicted and substantially discredited that of the respondent's witness. The trial commissioners reported to the Board that they were not impressed with the testimony of this witness, and that in their opinion the original recommendation should stand. The Board thereupon renewed its recommendation to this Court.

■ The respondent maintains that there should have been a complete rehearing of the case before the two new trial commissioners, and that the hearing should not have been confined to the new evidence. However, the order of this Court was only for a "further hearing" and did not intend a complete new trial. Besides, the ultimate recommendation was not that of the two trial commissioners who had heard only the new evidence, but of the Board, which had the entire record of both hearings before it.

■ The respondent further maintains that the Board did not honor an agreement that respondent's attorney would be given an opportunity to submit a brief to the Board before it took action on the trial commissioners' report. Such a brief could properly have been addressed only to the question of the probative value and significance of the new evidence. We have read the transcript of the new evidence, and we do not see how a brief could have influenced any reasonable person's evaluation of it. Respondent's brief filed in this Court, has not convinced us that the testimony of the new witness had any value or significance.

Being in accord with the view of the Board that the testimony of the new witness is of no weight, we restate our original opinion, as follows.

The record discloses that respondent was employed by Harry Dorph, who is a resident of Chicago, to manage an office building in Louisville known as the Realty Building. Respondent's duties required him to rent office space, collect rents, pay the expenses incurred in the operation of the building and to make periodic reports of his management to Dorph.

After respondent had been in charge of the building for about six months, Dorph became dissatisfied with the way respondent was operating the building and procured respondent's resignation. Dorph then employed a realty company to assume the managerial responsibilities of the building. Soon thereafter, one of the agents of the realty company informed Dorph that certain merchandise which had been charged to the Realty Building account when respondent was employed by Dorph had not been delivered to or used in the Realty Building. The information caused Dorph to check all of the bills which respondent had charged to the Realty Building account to ascertain whether the merchandise had been used in connection with the operation of the building. This audit revealed that respondent had purchased numerous articles for his personal use and had charged them to the Realty Building account.

Respondent does not deny that he bought merchandise for his personal benefit and used the credit of his employer. He attempted to justify these transactions by claiming he did nothing morally wrong. He testified that the Realty Building received a discount on its purchases, so he charged the merchandise he bought for his personal use to the Realty Company in order to obtain the discount for himself. Respondent claims that he reimbursed the Realty Building account for all funds expended for his benefit.

Respondent failed to mention the fact that he did not reimburse the Realty Building account for the sum paid for merchandise he received until Dorph had questioned the manner in which the Realty Building's books had been handled. Respondent also avoided mentioning the fact that a bonding company, which was surety on the indemnity bond he had executed to Dorph, had expended $600 in his behalf to adjust the discrepancies in the accounts he kept for Dorph.

■ The evidence clearly shows that respondent was guilty of a breach of trust. Since it is not necessary that the misconduct of an attorney be connected with his professional acts to bring about his disbarment (In re Lynch, Ky., 238 S.W.2d 118), we approve the Board's recommendation that respondent be suspended from the practice of law for a period of two years.

It is ordered that the report of the Board of Bar Commissioners be, and it is hereby confirmed, and that respondent, Foster S. Stone, be, and he is hereby suspended from the practice of law in this Commonwealth for a period of two years from the date the mandate issues on this opinion.