### In re R. Everett RAY.

Court of Appeals of Kentucky.

May 21, 1965.

Redford H. Coleman, Frankfort, for complainant.

Harry S. McAlpin, Louisville, for respondent.

PER CURIAM.

This is a disciplinary proceeding against attorney R. Everett Ray, of Louisville, in which the Board of Governors of the Kentucky State Bar Association has recommended a two-year suspension. Ray was found guilty by a Trial Committee of unethical conduct in a real estate transaction with one Clarence O. Bibb.

Bibb was the owner of a piece of mortgaged real estate. He fell behind in his payments and was threatened with foreclosure. He then went to Ray seeking legal advice and assistance. It appeared that Bibb needed financial rather than legal aid. At Ray's suggestion, Bibb deeded the land to Ray, as "trustee," under an agreement that Ray would transfer it back to Bibb or to anyone Bibb named upon payment to Ray of his expenditures and his charges *for use of his credit* and for his services in saving the property from foreclosure. Subsequently the property was transferred at Bibb's request to his brother-in-law, for a price of $4,000. After the mortgage and all expenses were paid including a fee to Ray for legal services, Ray had left a sum of around $1,300, which he claimed as his own.

The foregoing statement of facts consists only of facts asserted or admitted by Ray; it does not include disputed assertions by Bibb of fraudulent acts and representations by Ray.

Although the Trial Committee stated in its report that the only issue to be considered was whether Ray had acted "fraudulently" in the handling of the real estate transaction, actually the committee based its recommendation of disciplinary action on a finding of a breach of a fiduciary relationship.

By way of response in this Court, Ray asserts among other things (1) that he was denied the opportunity before the Trial Committee to show fully the motives behind the bringing of the charges against him, and (2) that the evidence does not warrant a finding of fraud on his part. It is our opinion that neither of these matters is of any significance.

What is significant is that Bibb came to Ray owning a substantial equity in a piece of real estate, and when his dealings with Ray were completed he had nothing while Ray had $1,300. Obviously there was a breach of professional ethics in the achievement of such a result, and it is immaterial by what name the breach be called. We think also it is immaterial (except as regards the *degree* of the offense) that Ray may have done what he did with full agreement of Bibb. It is our opinion that an attorney may not properly be permitted to switch hats, from that of an officer of the court to that of a money lender, in the middle of his dealings with a client.

We are not convinced that Ray was guilty of any fraudulent conduct or that he was deliberately seeking to take undue advantage of his client's financial predicament. It appears that his offense was attributable mainly to his failure to appreciate fully the high trust responsibilities that rest upon an attorney in a financial transaction with his client. Under the circumstances we think a six-month suspension is adequate discipline.

It is ordered that the respondent, R. Everett Ray, be and he is suspended from engaging in the practice of law in Kentucky for a period of six months from the date of the issuance of the mandate herein.