**In re Charles Elwood GORDON.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

Rehearing Denied June 10, 1966.

Reford H. Coleman, Leitchfield, for appellant.

Joseph S. Freeland, Paducah, for appellee.

PER CURIAM.

Five charges of misconduct were filed by the Kentucky State Bar Association against Charles Elwood Gordon of Benton. Four of the charges were sustained; one was dismissed; and it was recommended that Gordon be suspended for a period of six months from the practice of law in Kentucky. Under RCA 3.450 a rule has been issued against Gordon to show cause why he should not be adjudged guilty of unprofessional conduct and disciplined therefor.

Briefly the charges were:

(1) Respondent assaulted an attorney who had filed a divorce action for respondent's wife. Respondent was subsequently indicted and pleaded guilty to the indictment.

(2) Respondent by telephone threatened another attorney with bodily harm for filing a claim against respondent.

(3) Respondent, while a candidate for circuit judge, caused to be published and broadcast political advertisements of such nature as to bring discredit to the legal profession and disrespect to the judicial system.

(4) Respondent solicited employment in a divorce action from a party who was then represented by an attorney.

(5) Respondent collected a $500 fee from a client by representing that he would have an indictment brought

against two men for molesting the client's daughter, but respondent thereafter made no effort to do so and refused to return the money.

The fourth charge was dismissed. The fifth charge was amended to a charge of failure to attend to the affairs of his client for which he had previously received his fee in full.

■ The respondent denied the charges except the first, to which he pleaded that he acted in self-defense. The record has been reviewed and there is evidence of substance having probative value sufficient to sustain each finding of guilt. No worthwhile purpose would be served in detailing and reviewing the evidence. This answers the first contention made by the respondent that the findings are not supported by the evidence.

In passing, it may be noted that the misconduct charged extended over a period of years, from 1954 until the charges were filed in 1963. The variety of misconduct over this extended period indicates that disciplinary action is necessary as a deterrent to further such conduct.

■ Respondent contends that in the light of In re Vaughn, Ky., 369 S.W.2d 14, the punishment recommended is excessive. In the Vaughn case the punishment consisted of a reprimand and censure plus the payment of costs in excess of $1,000. Upon consideration of the action taken in various other disciplinary matters, the punishment is not deemed excessive. Kentucky State Bar Association v. Lewis, Ky., 282 S.W.2d 321; In re Wells, 293 Ky. 205, 168 S.W.2d 733; In re Brown, Ky., 279 S.W.2d 773; In re Cahill, 313 Ky. 867, 230 S.W.2d 633; In re Edge, Ky., 282 S.W.2d 830; In re Stone, Ky., 334 S.W.2d 351; In re Porter, Ky., 393 S.W.2d 881; In re Ray, Ky., 390 S.W.2d 899.

It is therefore ordered that the respondent, Charles Elwood Gordon, be and he is hereby suspended from engaging in the practice of law in the state of Kentucky for a period of six months from the date of issuance of the mandate herein.

STEWART, J., not sitting.